## Missouri, Kansas & Texas Railway Company v. Mack Purdy.

### No. 1410.   Decided· April 6, 1905.

**1.—Contributory Negligence—Requested Charge.**

Evidence considered and held to raise an issue of contributory negligence on the part of pla.ntiff, a brakeman, injured by collision of the engine, which he was piloting, with cars standing upon a side track through which it was backing at night, in failing to use due care to discover the presence of such cars, and to require the giving of a requested charge submitting that issue. (Pp. 558, 559.)

**2.—Same.**

When a charge authorized a finding of contributory negligence only in case the plaintiff himself was wanting in due care, the fact that it required a finding that the train men other than plaintiff were also negligent, was an error to the prejudice only of defendant, and did not justify a refusal to give it on his request.   (Pp. 559, 560.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Cooke County.

Purdy sued the railway company and recovered a judgment for damages.   It was affirmed on appeal by defendant, who thereupon procured writ of error.

*T. S. Miller* and *Eldridge & Midkiff,* for plaintiff in error.—We respectfully submit that under the rule laid down by this court in the case of St. Louis S. W. Ry. Co. v. Casseday, 92 Texas, 525, and in the case of Missouri K. & T. Ry. Co. v. Rogers, 91 Texas, 58, the special instruction, under the facts and circumstances of this case, should have been given, and that a general charge upon contributory negligence was not sufficient.   That the general charge given by the court does not undertake to apply the law to the very facts of the case, and that such special charge should have been given, as the plaintiff in error was entitled to have the same given.   St. Louis S. W. Ry. Co. v. Casseday, 92 Texas, 525; Missouri K. & T. Ry. Co. v. Rogers, 91 Texas, 58; Gulf C. & S. F. Ry. Co. v. Shieder, 88 Texas, 152; Missouri K. & T. Ry. Co. v. McGlamory, 89 Texas, 635; Houston & T. C. Ry. Co. v. Patterson, 20 Texas Civ App., 260; Texas & P. Ry. Co. v. Short, 58 S. W. Rep., 56.   We call the court's special attention to the case of St. Louis S. W. Ry. Co. v. Casseday, 92 Texas, 525, as being in point.

*J. A. Templeton* and *Cecil H. Smith,* for defendant in error.—If the general allegation of contributory negligence contained in the fourth paragraph of the answer stood alone, it would have authorized the giving of the special charge under Gulf C. & S. F. Ry. Co. v. Mangham, 95 Texas, 413.   This allegation does not stand alone, but plaintiff in error in the fifth and seventh paragraphs of its answer specifically plead contributory negligence, and its answer in this regard was not subject to exception.   In San Antonio & A. P. Ry. Co. v. De Ham, 93 Texas, 78, the rule is laid down:  "The petition does not stop with a general allegation

that the explosion was caused by the negligence of the defendant. Had it been so, evidence of any negligence causing the explosion might have been admissible. But where, as in this case, the pleader undertakes to specify the particular act or omission constituting the negligence alleged, he is held to proof of the more specific averment." There must be a basis for the special charge in the special plea. Missouri K. & T. Ry. Co. v, McGlamory, 89 Texas, 635; Chicago R. I. & T. Ry. Co. v. Buie, 73 S. W. Rep., 851; Chicago R. I. & T. Ry. Co. v. Armes, 74 S. W. Rep., 77. Unless facts are grouped in a special plea, a special charge grouping them will be refused. Missouri K & T. Ry. Co. v. Parker, 20 Texas Civ. App., 470; Texas & P. Ry. Co. v. Hagood, 21 Texas Civ. App., 442; Houston & T. C. Ry. Co. v. Milam, 60 S. W. Rep., 592; Houston & T. C. Ry. Co. v. Patterson, 20 Texas Civ. App., 255. As we view it, Gulf C. & S. F. Ry. Co. v. Mangham, 95 Texas, 413, is not in conflict with these authorities. The charge is not supported by the pleading. The charge submits two-propositions: (1) That if the jury found that it was negligence for the plaintiff and his crew to run their engine down track No. 6 without knowing whether the same was obstructed, and if they failed to use ordinary care to discover obstructions on the track, then plaintiff could not recover; (2) or if they (plaintiff and his crew) could, by the use of ordinary care, have discovered the cars with which the engine collided, and thereby have prevented the accident and injury, then plaintiff could not recover.

BROWN, Associate Justice.—The following statement is copied from the opinion of the Court of Civil Appeals:

"Appellee, a head brakeman on one of appellant's freight trains, was injured in the yards at Denison, Texas, March 2, 1902. The train had just come into the yards from South McAlister, entering on track No. 5 about 10 or 11 o'clock at night, and in backing out on track No. 6, which was next to 5, the engine, which had been cut loose from the rest of the train and on which he was riding, collided with some coal cars standing on that track, and in the collision appellee was knocked off and injured. He was piloting the engine through the yards, sitting on the back end of the tender, next to and facing the coal cars, but failed to see them in time to avoid the collision. His excuse for not seeing them was that it was too dark, and the alleged neglect of appellant to properly light the yards was made a ground of recovery. The main ground, however, was the negligence of the yard switchman in designating an obstructed track, track No. 6, as the one over which appellee was to take his engine out of the yards to the roundhouse. The evidence sustains this ground of recovery, being, however, mainly that of appellee himself."

The writ of error was granted in this case upon the assignment that the trial court erred in refusing to give this special charge:

"If you find from the evidence that it was negligence for plaintiff and

his crew to run their said engine on track No. 6 without knowing whether. same was obstructed and failed to use ordinary care to discover obstructions on said track, or could, with the use of ordinary care, have discovered the cars with which their engine collided and thereby have prevented said accident and injury, if any, you will find for defendant."

The above charge, if given, would have submitted to the jury the question of plaintiff's alleged contributory negligence, and must be treated as conceding for that purpose the negligence of the defendant in the several particulars submitted in the court's charge. The effect of the requested charge is to submit to the jury the legal proposition that if the switch was thrown by defendant's switchman, who was negligent in turning the locomotive in on track No. 6, and if the defendant was negligent in failing to furnish a light at the point of collision, still, if the plaintiff could, by the exercise of such care as an ordinarily prudent man would have exercised under like circumstances and conditions, have discovered the obstructions and prevented the injury, and if the plaintiff did not exercise such care, whereby he was injured, he could not recover. This is a sound proposition of law, for if the plaintiff was guilty of negligence that contributed to his injury, then it matters not as to the negligence of the defendant in the particulars charged, and there being evidence which tended to establish the want of ordinary care on the part of plaintiff in guiding the locomotive on track No. 6, the charge should have been given. There was evidence which tends to prove that the night was dark and it was raining slightly; that the plaintiff knew the tracks were liable to be obstructed, and he knew that track No. 11 was the one designated for the return of locomotives through the yards to the roundhouse. It was undisputed that the engine which he was piloting, going westward on track No. 5, had just passed the point of collision, within a few feet of the cars which were subsequently struck by the locomotive on track No. 6; that plaintiff was standing on the pilot of the locomotive as it passed the cars, and the headlight was burning, which gave sufficient light for any person to see the cars on track No. 6 in passing by them. The evidence shows that there was an arc light at each end of the yards, about a mile apart, but at the place where the collision occurred the light was not sufficient on that dark night to enable the plaintiff to discover the cars at any considerable distance. Whether ordinary prudence and care under the circumstances required the plaintiff to take other precautions to protect the engine against obstructions which he might have seen as he passed them was a question for the jury to determine and was properly presented by the charge refused by the court.

It is claimed by counsel for Purdy that the effect of the instruction. above quoted, would have been to charge Purdy with the negligence of his crew and to cause the jury to find against him in case they believed the crew was negligent, although free from blame himself. In no event does the charge authorize the jury to find against Purdy upon the ground of contributory negligence, unless he was himself negligent, and the

requirement that the jury should find the crew to have been likewise neg-ligent increased the burden which rested upon the railroad company to prove that Purdy was guilty of contributory negligence, which could not have injured plaintiff. It is also claimed that the charge is defective in that it does not inform the jury that the negligence of Purdy must have been the proximate cause of the injury, but the requirement that the jury should find that the obstruction might have been discovered and that the injury might have been averted by the exercise of ordinary care, sufficiently expressed that his negligence must have been the proxi-nate cause of the injury to defeat the cause of action. Under the facts of this case, if Purdy was negligent in not discovering the cars, his negligence was necessarily the proximate cause of his injuries. The charge of the court upon the issue of contributory negligence was very general, but this charge grouped a state of facts which, if true, would defeat the right of action asserted by Purdy, although the railroad company might have been guilty of negligence in every particular charged against it.

The first, second and third paragraphs of the court's charge to the jury submitted all of the alleged acts of negligence set up by plaintiff. The manner in which it is expressed may have led the jury to believe that the commission of any act or the omission to perform any duty mentioned in the first charge constituted negligence on the part of the railroad company and authorized a recovery by the plaintiff. It is not necessary for us to pass upon this charge further than to call attention to the defects in it in view of another trial.

Because of the error in refusing the second special charge asked by the defendant, the judgments of the District Court and Court of Civil Appeals are reversed and the cause remanded.

*Reversed and remanded.*